**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01998-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

MELVIN D. HOGAN, JR.,

      Applicant, named as Plaintiff,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
ARAPAHOE COUNTY DISTRICT COURTS,

      Respondents, named as Defendant.

---

**ORDER DIRECTING APPLICANT TO CURE DEFICIENCY**

---

      Plaintiff, Melvin D. Hogan, Jr., initiated this action by submitting *pro se* a

Complaint (ECF No. 1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915 (ECF No. 3).  The Court has reviewed the Complaint and finds that Mr.

Hogan is asserting habeas corpus claims, not civil rights claims.

      Mr. Hogan alleges he currently is serving a sentence of probation, apparently as

a result of a conviction in Arapahoe County District Court.  He seeks to overturn his

conviction by "prov[ing] my innocence and remov[ing] the tag of felon from my name."

ECF No. 1 at 2.  "The essence of habeas corpus is an attack by a person in custody

upon the legality of that custody, and . . . the traditional function of the writ is to secure

release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Generally, a federal prisoner's challenge to his conditions of confinement is cognizable

under 42 U.S.C. § 1983.  *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir.

1991).  Even liberally construing Mr. Hogan's claims, he has failed to allege a valid

factual basis for a § 1983 action.  Therefore, Mr. Hogan will be directed to file an

Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the Court-

approved form.  The application must name as the Respondent the state officer who

has custody over him, such as his probation officer.  Additionally, Mr. Hogan will be

directed either to pay the $5.00 filing fee or to file an amended Motion and Affidavit for

Leave to Proceed Pursuant to 28 U.S.C. § 1915 that is properly notarized.  The § 1915

motion and affidavit Mr. Hogan submitted on July 31, 2012 (ECF No. 3), is not

notarized.

Lastly, the clerk of the Court will be directed to correct its docketing records, and

list the nature of suit for this action as a habeas corpus action pursuant to § 2254.

Accordingly, it is

ORDERED that the complaint and the action are construed as a habeas corpus

action filed pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that Applicant, Melvin D. Hogan, Jr., cure the deficiencies

designated above by filing an Application for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 and either by paying the $5.00 filing fee or by filing an amended Motion

and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 **within thirty (30) days**

from the date of this order.  Mr. Hogan may obtain the appropriate forms, along with the

applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if within the time allowed Mr. Hogan fails to cure the

designated deficiencies, the action will be dismissed without prejudice and without

2

further notice.  It is

FURTHER ORDERED that the clerk of the Court is directed to correct its

docketing records, and list the nature of suit for this action as a habeas corpus action

pursuant to 28 U.S.C. § 2254.

DATED August 1, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge