IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01998-BNB

MELVIN D. HOGAN, JR.,

    Applicant,

v.

ARAPAHOE COUNTY DISTRICT COURTS,
PEOPLE OF THE STATE OF COLORADO,
P.O. JENNA OAKLEY-COX,
ALI MOADDELI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DENYING APPOINTMENT OF COUNSEL AND DIRECTING APPLICANT
TO FILE SECOND AND FINAL AMENDED APPLICATION

    This matter is before the Court on the unsigned amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 13) that Applicant, Melvin D. Hogan, Jr., filed *pro se* on December 13, 2012, and the letter (ECF No. 12) he filed on December 14, 2012.

    The amended application fails to assert any claims or make a request for relief. In the letter, Mr. Hogan alleges he is indigent and asks for the assistance of a lawyer or other assistance in filling out the Court-approved form for filing a § 2254 application. However, Mr. Hogan also indicates he is no longer incarcerated at the Arapahoe County Detention Facility, where he was confined when he initiated the instant action, and is in fact homeless. *See* ECF No. 12 at 1. He also appears to have served the three years of probation to which he was sentenced in 2004. *See* ECF No. 13 at 2). Therefore, it is

unclear why Mr. Hogan has filed a § 2254 application to attack his conviction and sentence when he no longer is in custody.  See 28 U.S.C. § 2254(a).

As to Mr. Hogan's request for the appointment of counsel to assist him in the filing of the Court-approved § 2254 application, "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction."  *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).  "[G]enerally appointment of counsel in a § 2254 proceeding is left to the court's discretion."  *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); *see also Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991).  The Criminal Justice Act provides that "[w]henever the United States magistrate [judge] or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2).  Thus, the Court has discretion to appoint counsel in a habeas proceeding.

"In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing."  *Johnson v. Avery*, 393 U.S. 483, 487 (1969).  Here, the Court ordered Applicant to file an amended application on August 24, 2012 (ECF No.  7).  The order specifically directed Mr. Hogan to assert claims and request habeas corpus relief because he had failed to do so.  He still fails to do so.  As a result, there are no issues presented to the Court during initial judicial evaluation that require assistance of counsel.  The Court, therefore, finds that Applicant's request is premature, and the

interests of justice do not require appointment of counsel at this time.

Accordingly, it is

ORDERED that the request for the appointment of counsel (ECF No. 12) is denied as premature. It is

FURTHER ORDERED that Applicant, Melvin D. Hogan, Jr., will be allowed one final opportunity to file **within thirty (30) days from the date of this order** a Second and Final Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, if appropriate, on the Court-approved form that complies with the directives of the order of August 24, 2012 (ECF No. 7) directing him to file an amended application. It is

FURTHER ORDERED that Mr. Hogan shall obtain the Court-approved Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form, along with the applicable instructions, at www.cod.uscourts.gov to use in submitting, if appropriate, the Second and Final Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Hogan fails within the time allowed to file a second and final amended application that complies with this order and the August 24 order, the amended application will be denied and the action dismissed without prejudice and without further notice. It is

FURTHER ORDERED that the Court mail this order to Mr. Hogan at the last address he has provided to the Court.

DATED December 27, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge