IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01998-BNB

MELVIN D. HOGAN, JR.,

    Applicant,

v.

ARAPAHOE COUNTY DISTRICT COURTS,
PEOPLE OF THE STATE OF COLORADO,
P.O. JENNA OAKLEY-COX,
ALI MOADDELI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Melvin D. Hogan, Jr., resided in Denver when he initiated this action. He later was incarcerated at the Arapahoe County Detention Facility, *see* ECF No. 8, and subsequently informed the Court that he is homeless. Mr. Hogan initiated this action by filing *pro se* a Complaint (ECF No. 1) asserting habeas corpus claims, not civil rights claims. On August 1, 2012, Magistrate Judge Boyd N. Boland directed him to file within thirty days an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the Court-approved form, as well as to cure other deficiencies in this action.

    On August 21, 2012, Mr. Hogan filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5) that failed to assert any claims or request habeas corpus relief. On August 22, 2012, he filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6). On August 24, 2012, the § 1915

motion was granted. Also on August 24, Magistrate Judge Craig B. Shaffer ordered Mr. Hogan to file an amended application that cured certain deficiencies, including the fact that Mr. Hogan failed to assert any claims or request habeas corpus relief. *See* ECF No. 7. On December 13, 2012, Mr. Hogan filed an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 13) that failed to cure the designated deficiencies.

On December 27, 2012, Magistrate Judge Boland ordered Mr. Hogan to file a second and final amended application that complied with the directives of the August 24 order (ECF No. 7). On January 7, 2013, the copy of the December 27 order mailed to Mr. Hogan at his last known address was returned to the Court as undeliverable. Mr. Hogan has failed, within the time allowed, to comply with the directives of the December 27 order or otherwise to communicate with the Court in any way. Therefore, the amended application will be denied and the action dismissed without prejudice for failure to comply with the December 27 order as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis status* will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Hogan files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Application for Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2254 is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Melvin D. Hogan, Jr., within the time allowed, to file a second and final amended application as directed in the order of December 27, 2012, and for his failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  7th  day of    February    , 2013.

BY THE COURT:


   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court